# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRADY PERSINGER,**<br>308 Clinton Ave.<br>Tiffin, Ohio 44883<br><br>   Plaintiff,<br><br> v.<br><br>**MERO INSTALLATIONS, LLC,**<br>c/o Registered Agent: Bob Merolillo<br>24104 Gravel Run Road<br>Saegertown, PA 16433<br><br>and<br><br>**BOB MEROLILLO,**<br>24104 Gravel Run Road<br>Saegertown, PA 16433<br><br>   Defendants. | Case No.: 3:19-cv-2758<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br><br>**Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Brady Persinger ("Plaintiff") and proffers this Complaint for damages against Defendants Mero Installations, LLC and Bob Merolillo ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 *et seq.*, and the Ohio Prompt Pay Act.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in Seneca County in the Western Division of the Northern District of Ohio, and Defendants are doing and have done substantial business in the Northern District of Ohio.

## THE PARTIES

5. Plaintiff Brady Persinger is an individual, a United States citizen, and a resident of Seneca County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants' as that term is defined by the FLSA and OMFWSA.

7. Defendant Mero Installations, LLC is a foreign Limited Liability Company conducting business in the Northern District of Ohio.

8. Upon information and belief, Defendant Bob Merolillo is an individual and resident of Crawford County, Pennsylvania.

9. Upon information and belief, Defendant Merolillo is the sole owner of Defendant Mero Installations, LLC and controls the pay policies and practices related to Defendants' employees.

10. At all times relevant herein, Defendants are and have been jointly and individually, "employers" as that term is defined by the FLSA and R.C., Chapter 4111.

11. At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiff.

12. At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

13. At all times relevant herein, Defendants have shared the services of Plaintiff.

14. At all times relevant here, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

15. At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.

16. Upon information and belief, at all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

**FACTUAL BACKGROUND**

17. Plaintiff worked for Defendants between approximately late 2013 and April 2019.

18. Defendants are in the construction industry and perform casework installation at Starbucks locations throughout the United States, including in the Northern District of Ohio.

19. Plaintiff was responsible for performing the casework installation at the jobsite, as well as serving as a resource for other subcontractors on the job and assisting with keeping the project on track.

20. Plaintiff worked Monday through Friday. Plaintiff typically spent Monday traveling to the jobsite and conducting any necessary initial preparation for the job.

21. Plaintiff then performed the casework installation at a Starbucks location on Tuesday, Wednesday, and Thursday. Plaintiff typically completed the job and traveled home on Fridays.

22. Plaintiff typically spent between 8-10 hours per day on the jobsite. Then, he went back to his hotel room and performed any additional work that needed to be completed that day. This could take anywhere between 1-5 hours, depending on any issues that arose on the jobsite that day.

23. On average, Plaintiff worked approximately 50 hours per week, including his compensable travel time.

24. Plaintiff did not clock in or out and was not responsible for reporting his time worked each day.

25. Defendants improperly classified Plaintiff as a salary exempt employee.

26. Plaintiff was paid a weekly salary and was not paid overtime for all hours worked in excess of 40 per week.

27. Plaintiff's primary job duty was the performance of case installation work. This was manual labor that involved assembling, cutting, and installing cabinets, countertops and shelving units at the jobsite.

28. Plaintiff gained the skills and knowledge required to perform his job through on-the-job training.

29. Throughout his employment with Defendants, Plaintiff worked on many different jobsites and constructed the layout in largely the same manner each time.

30. Plaintiff's primary job duty did not include the exercise of discretion and independent judgment on matters of significance. Rather, Plaintiff followed blueprints for each project.

31. Plaintiff was not permitted to deviate from the prints or make any sort of changes to the floorplan without prior approval, nor was he permitted to make financial decisions about a project.

32. Plaintiff oversaw the progress of the site, but he did not have authority to manage the other employees or subcontractors at the jobsite.

33. On multiple occasions, Plaintiff asked Defendant Merolillo why he was not receiving hourly overtime pay like the other subcontractors on the job. Defendant Merolillo informed Plaintiff that Defendants did not pay overtime because they could not afford it.

## COUNT I
### FLSA 29 U.S.C. § 201, *et seq.* – Failure to Pay Overtime

34. All of the preceding paragraphs are realleged as if fully rewritten herein.

35. Plaintiff was an employee of Defendants' within the previous three years of the filing of this Complaint.

36. Plaintiff was not exempt from the overtime provisions of the FLSA.

37. Defendants misclassified Plaintiff as a salary exempt employee and failed to pay Plaintiff an overtime premium for all hours worked in excess of 40 per workweek.

38. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per workweek.

39. Defendants knew or should have known of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked in excess of 40 per workweek.

40. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT II
### R.C. 4111.03 – Failure to Pay Overtime

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. Defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111.03 by misclassifying Plaintiff as a salary exempt employee and failing to compensate Plaintiff at a rate of one and one-half her regular rate of pay for all hours worked in excess of 40 in each workweek.

44. Defendants' knowing failure to pay Plaintiff overtime wages for hours worked in excess of 40 per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

45. For Defendants' violations of R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendants to compensate its employees within thirty (30) days of the performance of compensable work.

48. Defendants failed to make proper wage payments to Plaintiff for all hours worked.

49. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

50. As a result, in addition to the amount owed to Plaintiff, Defendants are liable to Plaintiff for an amount equal to six percent of Plaintiff's claim still unpaid or two hundred dollars per paid period, whichever is greater.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

B. An injunction against Defendants from engaging in each of the unlawful practices, policies, and patters set forth herein;

C. An award of unpaid wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111;

E. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15;

F. An award of prejudgment and post judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H. Such other legal and equitable relief as this Court deems appropriate.

        Respectfully submitted,

        */s/Greg Mansell*
        Greg R. Mansell (0085197)
        (*Greg@MansellLawLLC.com*)
        Carrie J. Dyer (0090539)
        (*Carrie@MansellLawLLC.com*)
        **Mansell Law, LLC**
        1457 S. High St.
        Columbus, Ohio 43207
        Ph: (614) 610-4134
        Fax: (614) 547-3614
        *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

        */s/Greg R. Mansell*
        Greg R. Mansell (0085197)